The Honorable Lindbergh Thomas State Representative P.O. Box 505 Grady, AR 71644-0505
Dear Representative Thomas:
You have presented the following question for my opinion:
 Can a city hire a construction manager under A.C.A. § 19-11-801 to manage the construction of a new hospital without taking competitive bids under A.C.A. § 22-9-303?
You indicate that the City of Dumas has recently approved a new sales tax and the issuance of bonds to fund the construction of a new hospital that will be owned by the city and leased to a private non-profit corporation. The city has received a proposal from a construction company under which that company would serve as the "construction manager" for the hospital construction project. Under the terms of the construction company's proposal, the city would solicit bids for each separate category of the construction project and would enter into contracts with the individual contractors for those categories. The construction manager would coordinate the various categories and would guarantee to the city that the cost of the project will not exceed the total amount of all bids and that the work would be completed in a timely fashion. The construction manager would also be responsible for completing any work upon which an individual contractor defaults. The construction manager would not be responsible for failures or negligence of the architects or engineers on the project. A question has arisen as to whether under such an arrangement the construction company would be providing "professional services" to the city.
RESPONSE
It is my opinion that the city can hire a construction manager under A.C.A. § 19-11-801 to manage the construction of a new hospital without taking competitive bids under A.C.A. § 22-9-303. Indeed, the city is prohibited from soliciting bids for construction management.
Your question appears to arise out of the former version of A.C.A. §19-11-801. That former version prohibited political subdivisions from soliciting bids for "professional services." Under that former language, it would be necessary to determine whether "construction management," as described in the proposal received by the city, constitutes a "professional service." See Op. Att'y Gen. No. 2001-280. Such a determination is no longer necessary or appropriate, because the statute was revised and amended in the 2003 regular session to remove the reference to "professional services." The statute now states in pertinent part:
 (a) It is the policy of the State of Arkansas and its political subdivisions that state agencies and political subdivisions shall follow the procedures stated in this section, except that competitive bidding shall not be used for the procurement of legal, architectural, engineering, construction management, and land surveying professional consultant services.
A.C.A. § 19-11-801, as amended by Acts 2003, No. 1315, § 8. In addition, Section 802(c) states:
 (c) The political subdivision shall not use competitive bidding for the procurement of legal, architectural, engineering, construction management, and land surveying professional consulting services.
A.C.A. § 19-11-802(c), as amended by Acts 2003, No. 1315, § 9.
The statute does not define the term "construction management." I must therefore give the term its ordinary meaning in common usage. Jones v.Double "D" Properties, Inc., 352 Ark. 39, 98 S.W.3d 405 (2003). In my opinion, there is no question that the construction management proposal that the city has received and to which your question refers is a proposal for "construction management," as that term is commonly used. The proposal describes an arrangement under which the construction manager would coordinate all the various categories of the overall construction project and would be responsible for seeing that the individual contractors complete their work in a timely fashion. Inasmuch as a task of this nature unequivocally entails the management of the construction project, it constitutes "construction management" in my opinion.
Accordingly, I conclude that the city can and must hire a construction manager to perform such a task without soliciting bids. It should be noted that the remainder of the chapter following A.C.A. § 19-11-801 sets forth the requirements that must be met in the course of negotiating a contract for construction management. The city, in consultation with its counsel, should be cognizant of its compliance with these requirements.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General